FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

OCT 2 2 2013

JAMES N. HATTEN, Clerk
By: _____
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| PIERRE R. CAZEAU, | : | |
| DARCY CAZEAU, | : | |
|     Plaintiffs, | : | |
| | : | |
| v. | : | CIVIL ACTION |
| | : | FILE NO.  1:13-CV-3469 |
| WELLS FARGO BANK, N.A., | : | |
| INVITATION HOMES, | : | |
| IH2 PROPERTY GEORGIA, L.P., | : | |
| SHERRY A. NIKODEM, | : | |
| Individually and as agent | : | |
| for INVITATION HOMES, | : | JURY DEMANDED |
|     Defendanta. | : | |

**PLAINTIFFS FIRST AMENDED COMPLAINT ORIGINALLY FILED ON OCTOBER**

**21, 2013**

Comes Now, Plaintiffs, PIERRE R. CAZEAU AND DARCY CAZEAU and
files their complaint against the above-named Defendants on the
following grounds:

### INTRODUCTION

1.

Plaintiffs file this action for violation of the Racketeer
Influenced and Corruption Organizations Act, pursuant to 18
U.S.C. §1961-1968 ("hereinafter referred to as RICO").
Plaintiffs also complain against the Defendant Wells Fargo Bank,
N.A., for participating and conspiring to participate with the

-1-

Defendants and others through a pattern of past and continuing acts of threats, extortion, fraud, mail fraud, and wire fraud. Plaintiffs also complain against Defendants for intentional Fraud and Deceit in violation of O.C.G.A. § 51-6-2(a)and(b) for the willful misrepresentation of material fact, made to induce another to act upon which such person acts to his injury, will give him a right of action.

## JURISDICTION

2.

Civil RICO Jurisdiction is especially conferred on this Court pursuant to 18 U.S.C. § 1964(a); O.C.G.A. § 51-6-1 and O.C.G.A. § 51-6-2(a) Equitable and other relief for damages are also brought under O.C.G.A. 23-2-51; O.C.G.A. 23-2-52; 18 U.S.C. § 1964(a)and(c).

3.

This court has personal Jurisdiction over Defendant Wells Fargo Bank, N.A. who is a for profit corporation who operate its Financial Institution business within the State of Georgia.

4.

Defendant Wells Fargo is a Mortgage Lender and a Mortgage loan servicer who engaged in an industry affecting interstate commerce.

## VENUE

5.

Venue is proper in this forum pursuant to 18 U.S.C. 1965(a)and(b), because Defendants resides, are found, have an agent, or transact their affairs in this District. Venue is also proper because all Fraud and Deceit in violation of O.C.G.A. § 51-6-2, occurred in this District, in connection with the Plaintiffs property located at 235 Lakeside Pointe, Covington, Newton County, Georgia [30016-1294].

## PARTIES

6.

Plaintiff PIERRE R. CAZEAU is a Natural person, male citizen of the United States of America, husband and father of five (5) beautiful children.  Residing at 235 Lakeside Pointe, Covington, Newton County Georgia [30016-1294].

7.

Plaintiff DARCY CAZEAU is a Natural person, female citizen of the United States of America, wife and mother of five (5) beautiful children.  Residing at 235 Lakeside Pointe, Covington, Newton County Georgia [30016-1294].

8.

Defendant WELLS FARGO BANK, N.A., ("hereinafter referred to as Wells Fargo") is a for-profit corporation doing business as a Financial Institution who engaged in Home Mortgage Lending and

-3-

Home Mortgage Loan Servicing within the Northern District of the State of Georgia.

9.

Defendant Wells Fargo operate its Financial Institutions throughout the Northern District of the State of Georgia and may be served with summons and process by service at any of its Georgia stores, upon its management staff who are designated by law to accept service.

10.

Defendant Invitation Homes is for-profit Texas Corporation with sufficient contacts with the State of Georgia to subject it to jurisdiction in this Court, including doing business as a Management Company located at 950 North Point Parkway, Suite 350, Alpharetta, Georgia 30005, and maybe served with summons and process by service upon any of its agents including manager Sherry A. Nikodem at the aforementioned address.

11.

Defendant IH2 Property Georgia, L.P., is a for-profit Delaware Corporation with sufficient contacts with the State of Georgia to subject it to jurisdiction in this Court, including participation in litigation in the State of Georgia. IH2 Property Georgia, L.P. also uses the office located 950 North Point Parkway, Suite 350, Alpharetta, Georgia 30005 as its

principal office, and maybe served with summons and process by
service upon its management company's manager Sherry A. Nikodem
an agent/manager of Invitation Homes.

12.

Defendant Sherry A. Nikodem is a resident of the State of
Georgia, and an agent/manager of Invitation Homes in relation to
the claims set forth herein, giving her sufficient contacts with
the State of Georgia to subject her to jurisdiction in this
Court.

**FACTS**

13.

Defendant Wells Fargo Bank, N.A. is engaged in mortgage
lending and mortgage loan servicing within the Northern District
of State of Georgia. I believe there's no evidence to the
contrary and none exist.

14.

Defendant Wells Fargo Bank, N.A., is engaged in the
collection of debts from consumers using mails and telephone. I
believe there's no evidence to the contrary and none exist.

15.

On February 28, 2008 Defendant Wells Fargo Bank, N.A. sent
a welcome letter via United States Postal Service to the
Plaintiffs, stating that the allege mortgage loan on the

-5-

Plaintiffs property located at 235 Lakeside Pointe, Covington,
Newton, County Georgia has been transferred to the Defendant.  I
believe there's no evidence to the contrary and none exist.

16.

Since February 28, 2008 Defendant Wells Fargo Bank, N.A.,
has presented itself and acting as servicer/assignee on the
allege mortgage loan on the Plaintiffs property. I believe
there's no evidence to the contrary and none exist.

17.

On February 28, 2008 Defendant Wells Fargo Bank, N.A.,
provided Plaintiffs with a payment coupon and demanded payments
from the Plaintiffs. I believe there's no evidence to the
contrary and none exist.

18.

On personal knowledge, there is **NO** record of an assignment
to Defendant Wells Fargo Bank, N.A., recorded in connection with
the Plaintiffs property in Newton County Superior Court of
Records on or around February 2008. I believe there's no
evidence to the contrary and none exist.

19.

On information and belief, Defendant Wells Fargo Bank,
N.A., willfully and intentionally made false representation of
the allege mortgage loan being transferred to them, with the

intent to deceive and defraud Plaintiffs out of money. I believe there's no evidence to the contrary and none exist.

20.

Plaintiffs acted on Wells Fargo's misrepresentation of facts, and started making payments directly to the Wells Fargo since or around April 1, 2008 until around November 16 2012. I believe there's no evidence to the contrary and none exist.

21.

Since or around April 1, 2008 Defendant has been accepting payments from the Plaintiffs on the alleged Mortgage Loan Debt. I believe there's no evidence to the contrary and none exist.

22.

On personal knowledge and belief, Defendant Wells Fargo Bank, N.A. doesn't have any lawful rights to collect any payments from the Plaintiffs on the alleged mortgage loan debt. I believe there's no evidence to the contrary and none exist.

23.

Defendant Wells Fargo has knowingly, intentionally and willfully devised a scheme to defraud Plaintiffs and have successfully defrauded thousands of dollars in payments, late fees, other charges, from around April 1, 2008 until about November 2012 by claiming to be the servicer/assignee on the

allege mortgage loan on the Plaintiffs property. I believe there's no evidence to the contrary and none exist.

24.

Defendant Wells Fargo Bank N.A., knowingly and intentionally made fraudulent and reckless representation of information as true when they know or should have known the information are not, with the intent to deceive, and coerce Plaintiffs to make payments. I believe there's no evidence to the contrary and none exist.

25.

On or around January 2012 Plaintiffs contacted Defendant Wells Fargo to inquire about Defendant's Streamline Refinance process. I believe there's no evidence to the contrary and none exist.

26.

Plaintiffs was misled to believe that Wells Fargo was the servicer/assignee on the allege mortgage loan with full authority to negotiate, amend and modify all terms. I believe there's no evidence to the contrary and none exist.

27.

On or around January 2012 Defendant Wells Fargo Bank, N.A. offered to do a streamline refinance on Plaintiffs alleged mortgage loan pretending to be legally authorized to do so, with

the intent to deceive and continue to conceal its fraudulent scheme. I believe there's no evidence to the contrary and none exist.

28.

On information and belief Defendant Wells Fargo Bank, N.A. knowingly and intentionally on two separate occasions mailed two separate loan documents with incorrect and inaccurate information, asking Plaintiffs for signature to start the streamline refinance. I believe there's no evidence to the contrary and none exist.

29.

On January 2012 Plaintiffs contacted the Wells Fargo on two separate occasions and reported the incorrect and inaccurate information and requested that the correct and accurate documents be sent out. I believe there's no evidence to the contrary and none exist.

30.

On or around the beginning of February 2012 Defendant Wells Fargo knowingly and intentionally e-mailed a third set of loan documents to Plaintiffs with some incorrect and inaccurate information, and Kelly Surgenor the Loan Document Specialist, processing the streamline asked Plaintiffs to make certain manual corrections and sign to start the process until the

corrected documents arrive in the mail since Ms. Surgenor claimed there was closing date set for the end of February. I believe there's no evidence to the contrary and none exist.

31.

On or around March 2012 Defendant Wells Fargo Bank, N.A. sent a letter via United Parcel Service (UPS) denying the streamline refinance before ever sending the correcte and accurate copy of documents claiming they could not verify Plaintiffs income. I believe there's no evidence to the contrary and none exist.

32.

On information and belief Defendant Wells Fargo Bank, N.A., willfully and intentionally made fraudulent misrepresentation of being able to process a streamline refinance on the Plaintiffs alleged mortgage loan that the Defendant could not legally do, with the intent to deceive and continue to conceal its fraudulent scheme and continue collecting payments from the Plaintiffs. I believe there's no evidence to the contrary and none exist.

33.

Defendant Wells Fargo Bank, N.A. has willfully, intentionally and knowingly extorted thousands of dollars in payments, late fees, other charges, and forced escrow accounts

from the plaintiffs by misrepresentation, coercion, intimidation and threats of foreclosure, and reporting the Plaintiffs to the credit bureaus as delinquent. I believe there's no evidence to the contrary and none exist.

34.

Defendant Wells Fargo Bank, N.A. has knowingly, intentionally and willfully caused tremendous amount of damage to Plaintiffs credit history and credit scores, as a result caused severe emotional distress, humiliation and damaged Plaintiffs reputation. I believe there's no evidence to the contrary and none exist.

35.

On personal knowledge and written documents the subject property was released and **forever quit-claim** to the Plaintiffs as Grantees by Plaintiffs Father and Father-inlaw **TO HAVE AND TO HOLD** so that neither the said Grantor, nor any other person or persons claiming under Grantor shall at any time claim or demand any right, title or interest to the subject property or its appurtenances. The Quit Claim Deed recorded on January 25, 2006 in Newton County Georgia Superior Court of Records BOOK 2103 PAGE 431. I believe there's no evidence to the contrary and none exist.

36.

On personal knowledge and written documents the original Security Deed on the Plaintiffs Property has been paid in full, and the cancelation is recorded in cancelation BOOK 141 PAGE 491 in the Newton County Superior Court of Records. I believe there's no evidence to the contrary and none exist.

37.

On personal knowledge and written documents Plaintiffs are the Grantors and Grantees on the Warranty Deed for the subject property. I believe there's no evidence to the contrary and none exist.

38.

On personal knowledge and written documents Plaintiffs has completed and file with the Clerk's office of the Superior Court of Newton County, Georgia a certificate of Acceptance and Acknowledgment of the Warranty Deed for the subject property. I believe there's no evidence to the contrary and none exist.

39.

On personal knowledge and written documents Defendant Wells Fargo has intentionally and knowingly sent random individuals to trespass on Plaintiffs property on numerous occasions with the intent to annoy, harass and coerce payments. I believe there's no evidence to the contrary and none exist.

40.

Defendant Wells Fargo has caused the telephone to ring repeatedly, including weekends with the intent to defraud and coerce payments. I believe there's no evidence to the contrary and none exist.

41.

On or around January 29, 2013 Defendant Wells Fargo Bank, N.A. sent a default notice on the alleged Mortgage Loan by certify mail with return receipt, with the intent to deceive and coerce payments. I believe there's no evidence to the contrary and none exist.

42.

On personal knowledge and written documents Defendant Wells Fargo has intentionally and knowingly mailed deceptive documents to Plaintiffs with the intent deceive and coerce payments. I believe there's no evidence to the contrary and none exist.

43.

On or around January 31, 2013 on personal knowledge and written documents Defendant Wells Fargo Bank, N.A. recorded in the Newton County Superior Court of Records an alleged assignment of the alleged mortgage loan on the Plaintiffs property, with the intent to deceive, and deprive Plaintiffs of their property. I believe there's no evidence to the contrary and none exist.

44.

On information and belief this alleged assignment made on January 31, 2013 is not authentic and is invalid. I believe there's no evidence to the contrary and none exist.

45.

Defendant Wells Fargo Bank, N.A. failed to provide Plaintiffs a Notice of Assignment, Sale or Transfer of Servicing Rights as required by the Real Estate Settlement Procedures Act (RESPA), of this allege assignment on January 31, 2013, with the intent deceive and continue to conceal its fraudulent scheme. I believe there's no evidence to the contrary and none exist.

46.

On January 24, 2013 Plaintiff Pierre R. Cazeau filed a Title VII, Title I, Equal Pay Act, and Defamation Complaint against the Defendant Wells Fargo in this Court I believe there's uo evidence to the contrary and none exist.

47.

On March 4, 2013 Defendant Wells Fargo Bank, N.A., intentionally and willfully sent a letter via mail stating that $4,200.75 dollars is needed to reinstate or bring the Plaintiffs alleged mortgage to current and the amount of the principal obligation under the alleged mortgage is $1J2,926.90 threatening

to referred the allege mortgage to foreclosure, with the intent
to deceive and coerce Plaintiffs to continue making payments.

48.

On March 15, 2013 Defendant Wells Fargo Bank, N.A.,
intentionally and willfully sent a letter via certify mail
stating the Plaintiffs property **is in foreclosure** as a result of
the allege default and within the next sixty(60) or ninety(90)
days, title for the property is expected to be transferred to
Wells Fargo Bank, N.A. Some time thereafter, ownership of the
property will probably be transferred to the Secretary of
Housing and Urban Development (HUD). With the intent deceive
and coerce payments and permanently deprive Plaintiffs out of
their property by means of threats and false representation. I
believe there's no evidence to the contrary and none exist.

49.

On personal knowledge and written documents this statement
of being in foreclosure on March 15, 2013 was an intentional and
negligent misrepresentation of facts with the intent to deceive
and coerce payments. I believe there's no evidence to the
contrary and none exist.

50.

On April 17, 2013 Plaintiff filed a Complaint against the
Defendant Wells Fargo Bank N.A. for violation of the Fair Debt

Collections Practices Act in this Court. I believe there's no
evidence to the contrary and none exist.

51.

On information and belief, Defendant Wells Fargo retaliated
against Plaintiff for filling the Complaints. I believe there's
no evidence to the contrary and none exist.

52.

On or around June, 2013 Wells Fargo retained Aldridge
Connors, LLP., who sent via certified mail a notice of sale
under power to Plaintiffs attempting to collect payments on the
allege mortgage loan that Plaintiffs were clearly disputing in
the April 17, 2013 Complaint. I believe there's no evidence to
the contrary and none exist.

53.

On personal knowledge and written documents Defendant Wells
Fargo Bank, N.A., attorney Aldridge Connors, LLP., sent via
certified mail a letter demanding payment iu full within ten
(10) days of the date of the letter, with the intent to defraud,
deceive, and deprive Plaintiffs of their property. I believe
there's no evidence to the contrary and none exist.

54.

Plaintiffs contacted Aldridge Connors, LLP., and informed
them that their client Wells Fargo has no legal rights to the

subject property, and told them, the Plaintiffs has the title to the subject property and not to make any publication of Plaintiffs name in the local papers, and to review all the documents relating to the Plaintiffs property that are currently available as public record, in the Newton County Superior Court of records, more specifically the cancelation of the original Security Deed, BOOK 141 PAGE 491, the Quit-Claim Deed, and Warranty Deed. I believe there's no evidence to the contrary and none exist.

55.

On or around June 26, 2013 Plaintiff Pierre R. Cazeau provided his e-mail address rich_caz@yahoo.com to attorney Fredrick T. Smith who is currently Defending Wells Fargo Bank, N.A. in the Pierre R. Cazeau v. Wells Fargo Bank, N.A., Civil Action Number 1:13-cv-00260, for the purpose of sending an ordered Joint Statement for review. I believe there's no evidence to the contrary and none exist.

56.

On information and belief Defendant Wells Fargo Bank, N.A. and/or person(s) acting on its behalf hacked into Plaintiff Pierre R. Cazeau e-mail account rich_caz@yahoo.com and/or computer shortly after Plaintiff provided the information to

attorney Smith. I believe there's no evidence to the contrary and none exist.

57.

On information and belief Defendant Wells Fargo Bank, N.A. and/or person(s) acting on its behalf has collaborated to concoct fictitious e-mail messages solely in retribution and retaliation for having been brought Wells Fargo before the Courts. I believe there's no evidence to the contrary and none exist.

58.

On July 24, 2013 the hackers hacked into plaintiff e-mail account, and created and sent fictitious e-mails messages to federal agency employee, Veronica Baptist at the Housing and Urban Development (HUD) and to Equal Employment Opportunity Commission (EEOC) federal investigator April Sims, Deputy Director Manuel Zurita and Chair Jacqueline Berrin along with a suspicious link attached to the e-mail to appear as if Plaintiff Pierre R. Cazeau sent such e-mail. I believe there's no evidence to the contrary and none exist.

59.

On Jnly 24, 2013 the hackers also sent the same fictitious e-mail that were sent to the federal agency employees to Wells Fargo Bank officials and employees with the same suspicious link

-18-

to appear as if Plaintiff Pierre R. Cazeau sent such e-mail. I
believe there's no evidence to the contrary and none exist.

60.

On information and belief Defendant Wells Fargo and/or
person(s) acting on its behalf motive for fabricating and
sending the fictitious e-mails with the suspicious link attached
was to create false evidence as if Plaintiff is trying to cause
harm to federal agencies computers, and cause harm to a
financial institution computers with the intent to frame
Plaintiff in retaliation for having brought Wells Fargo before
the Courts. I believe there's no evidence to the contrary and
none exist.

61.

On personal knowledge the hackers hacked into the
Plaintiff's rich_caz@yahoo.com e-mail account and computer, and
created, altered, destroyed and delete messages and emptied
Plaintiff's trash can. I believe there's no evidence to the
contrary and none exist.

62.

On information and belief Defendant Wells Fargo and/or
person(s) acting on its behalf, intentionally and knowingly
hacked into Plaintiff computer and fabricate fictitious evidence
with the intent to harm Plaintiffs reputation and cause physical

and emotional harm in retaliation for having been brought before the courts. I believe there's no evidence to the contrary and none exist.

63.

On or around the ending of July Plaintiff Pierre R. Cazeau reported the hacking incident to Yahoo and At&t the DSL internet provider and spoke to Jackie. Yahoo told Plaintiff someone will be contacting him but they never did, and on around beginning of August Plaintiff cancelled the Yahoo account. I believe there's no evidence to the contrary and none exist.

64.

On August 15, 20013 Defendants Invitation Homes and Sherry Nikodem sent their Field Coordinator Aidan Mosqueda to trespass on Plaintiffs property and placed signs on Plaintiffs front door and garage door attempting to do self eviction, claiming that Defendant IH2 Property Georgia L.P. purchased the Plaintiffs property on August 8, 2013. With the intent fraudulently and permanently deprive Plaintiffs of their property. I believe there's no evidence to the contrary and none exist.

65.

On personal knowledge and written documents Defendants Invitation Homes and Sherry Nikodem individually and as agent/manager for Invitation Homes, intentionally, knowingly and

-20-

willfully try to coerce Plaintiffs to turn over the keys to their property by means of bribery and offered Plaintiffs $2,300.00 for a quick seven (7) days move out, also by threats and intimidation, stating that a demand for possession letter is automatically sent within two(2) weeks of the above-mentioned purchase, and this is done on every home no matter Plaintiffs decide to do, with the intent to defraud and coerce Plaintiffs to vacate their property. I believe there's no evidence to the contrary and none exist.

66.

On August 15, 2013 Plaintiff Pierre R. Cazeau contacted Mr. Aidan Mosqueda and informed him that he had trespassed on Plaintiffs property, and the Plaintiffs are the owners of the subject property. Mr. Mosqueda informed Plaintiffs that he was simply doinq what he was told to do by Defendant Sherry A. Nikodem, Plaintiff told Mr. Mosqueda if he continues to trespass, Plaintiffs would file charges against him and/or his manager. I believe there's no evidence to the contrary and none exist.

67.

On September 2, 2013 Defendants Invitation Homes and Sherry Nikodem individually and as agent/manager of Invitation Homes sent vial certified mail a letter dated August 28, 2013 stating

that Invitation Homes is the Management Company for IH2 Property
Georgia, L.P., who is (allegedly) the owner of the Plaintiffs
property. And this notice was to be considered as a formal
demand for possession of the premises, and Ms. Nikodem demanded
immediate return of Plaintiffs keys, and threatens to take
eviction action known as a dispossessory if Plaintiffs fail to
vacate. I believe there's no evidence to the contrary and none
exist.

68.

On September 16, 2013 Plaintiffs filed a police report with
the Newton County Sheriff department to report the trespassing
and fraud caused by Defendants Invitation Homes and Sherry A.
Nikodem as individual and agent/manager for Invitation Homes to
reporting officer Tyrone Major badge number 9121. I believe
there's no evidence to the contrary and none exist.

69.

On information and belief Defendant IH2 Property Georgia,
L.P., hired Invitation Homes to bribe and coerce the Plaintiffs
to vacate their property, and if Plaintiffs refuse to willingly
vacate, intimidate and threatening them with eviction known as
dispossessory action, with the intent defraud and permanently
deprive the Plaintiffs out of their property. I believe there's
no evidence to the contrary and none exist.

70.

On information and belief Defendants Invitation Homes and IH2 Property Georgia, L.P. although incorporated in different states, and appear to be separate entity, and Invitation Homes claim to be the Management Company for IH2 Property Georgia, L.P., they both share/use the same principal address, at 950 North Point Parkway, Suite 350, Alpharetta, Georgia 30005. I believe there's no evidence to the contrary and none exist.

71.

On information and belief the IH2 in Defendant IH2 Property Georgia, L.P., stands for Invitation Homes 2, and Defendant IH2 Homes Georgia, L.P., was formed about seven months ago solely for the purpose of Rico activities. I believe there's no evidence to the contrary and none exist.

72.

On October 9, 2013 during a scheduled deposition in connection with the Complaint filed on January 24, 2013, Frederick T. Smith attorney for Defendant Wells Fargo Bank, N.A. insulted, badgered and threaten to hold Plaintiff Pierre R. Cazeau against his will beyond the time allowed by law.   I believe there's no evidence to the contrary and none exist.

73.

Attorney Smith told Plaintiff that he did not care about any objections, whether it's from Wikipedia or Legal Zoom, or whatever his information may be, he was not going to put up with that. I believe there's no evidence to the contrary and none exist.

74.

After being threaten by Mr. Smith to be at the deposition all night if I didn't answer his questions, being over 50 miles away from home in midtown Atlanta, on the $25^{rh}$ floor of a high rise building in fear and under duress I answered his questions. I believe there's no evidence to the contrary and none exist.

75.

On information and belief Defendant Wells Fargo Bank, N.A., conspired with attorney Smith to extort information from Plaintiff about the claims in the above-mentioned complaint filed on April 17, 2013 during the October 9, 2013 deposition. I believe there's no evidence to the contrary and none exist.

76.

During the deposition attorney Frederick T. Smith interrogated Plaintiff Pierre R. Cazeau asking him does he have a mortgage on his home? Did he at any point in time? Who was the lender? Tell him the names of the lenders? What was the loan for? He stated that Plaintiffs was involved in a lawsuit against

Wells Fargo in connection with a loan for the purchase of their current resident and that lawsuit has been dismissed, even thought I never told him that alleged mortgage loan was to pay for the home. When Plaintiff told him that he did not know how to answer the question, Mr. Smith got real upset and said this may explain why you don't work for a Bank anymore. Showing a lack of knowledge of why Plaintiff was terminated, being so focused on Wells Fargo's other affairs. I believe there's no evidence to the contrary and none exist.

77.

Mr. Smith also asked during the Deposition who resides at the Plaintiff residence, how many kids Plaintiff have, Plaintiff date of birth, Social Security Number, telephone number, the full name of plaintiff mother and the spelling of her last name. Mr. Smith did not ask Plaintiff a single question about the claims in the complaint that he was being deposed for other than to identify about five exhibits, but spent much time using trickery, and intimidating Plaintiff to answer his questions without raising objectiona clearly for improper purposes.  I believe there's no evidence to the contrary and none exist.

78.

On information and belief Wells Fargo conspired with attorney Smith to use trickery, intimidation and threats during

the deposition to extort information and try to cause Plaintiff Pierre R. Cazeau to self incriminate himself. Mr. Smith asked questions about a sealed/expunged incident that happen about over a decade ago. Plaintiff simply cited his Constitutional amendment right to privacy, and asked not to speak on a sealed incident Mr. Smith got real upset, and being under duress Plaintiff answered the questions, but that wasn't enough, Mr. Smith wanted all the details about that sealed incident, the What? Why? When? Who? Where? and How. I believe there's no evidence to the contrary and none exist.

79.

On personal knowledge and written documents Defendant Wells Fargo intentionally and knowingly executed a Deed under Power and recorded the same in the Newton County Superior Court of records on September 20, 2013 with the intent to defraud and permanently deprive Plaintiffs of their property. I believe there's no evidence to the contrary and none exist.

80.

On information and belief the Deed under Power executed by the Defendant is invalid and unauthentic. I believe there's no evidence to the contrary and none exist.

81.

On information and belief Defendant Wells Fargo willfully and intentionally misrepresented itself as Plaintiffs attorney in fact on the Deed Under Power and had an allege officer with power of attorney over Defendant to sign under Plaintiffs names. I believe there's no evidence to the contrary and none exist.

82.

Plaintiffs did not authorize Defendant Wells Fargo to act on their behalf, and Defendant has no legal right to act as attorney in fact for Plaintiffs.  I believe there's no evidence to the contrary and none exist.

83.

Defendants' intentional and negligent misrepresentation has caused Plaintiffs humiliation and emotional distress, so severe that no reasonable persons could be expected to endure it.  I believe there's no evidence to the contrary and none exist.

**DAMAGES**

84.

Defendants reckless and outrageous behaviors goes beyond decency in a civilize society, and threaten Plaintiffs livelihood and safety, and cause Plaintiffs to suffer extreme emotional distress and humiliation so severe that no reasonable person could be expected to endure it.  Defendant IH2 Property Georgia, L.P. filed a petition for Writ of Possession,

Plaintiffs have an interest in the subject property, and have invested a tremendous amount of money since 2006 in repairs, maintenance, upgrades, furnishings, and payments, all these factors will result in an injury to Plaintiffs property and future business, entitling Plaintiffs to standing under Civil RICO statute. I believe there's no evidence to the contrary and none exist.

85.

Plaintiffs suffered damages to their reputations and credit history and scores, as a result of Defendant Wells Fargo Bank, N.A. causing the publication of this foreclosure in the Newton County news paper which also appears on Google, and is easily accessible to all potential employers conducting background checks before employment as a routine. Employers will not hire anyone who appears to be having financial trouble to protect their money. Plaintiffs have an interest in the subject property located at 235 Lakeside Pointe, Covington, Newton County Georgia. All these factors will result in an injury to Plaintiffs property or business and employment opportunities as a former Bank employee. I believe there's no evidence to the contrary and none exist.

86.

As a direct and proximate result of Defendants reckless and outrageous conducts Plaintiffs have suffered extreme emotional distress and humiliation. Defendants intended on depriving Plaintiffs of certain unalienable Rights, among these are Life, Liberty and the pursuit of Happiness, and Estate. Plaintiffs are the proud parents of five beautiful children and the care taker of Plaintiffs mother and mother-inlaw, for whom Plaintiffs provide housing among other things. Defendants participated and conspired to participate in a pattern of past and continuing Racketeering activities involving threats, extortion, bribery, fraud, mail fraud, wire fraud, with the intent to permanently deprive Plaintiffs of the right and enjoyment of the above-mentioned Property. These losses constitute a damage and injury to Plaintiffs business and property, entitling Plaintiffs to Civil Remedies under RICO statute.

## COUNT ONE: VIOLATION OF THE RACKETEER INFLUENCE AND CORRUPT

### ORGANIZATIONS ACT - 18 U.S.C. § 1961-1968

Plaintiffs incorporate by reference paragraph 1 through 86 as thought fully set forth herein.

87.

Defendant Wells Fargo Bank, N.A. is an enterprise within the meaning of 18 U.S.C. § 1961(4).

Defendant Wells Fargo Bank, N.A. committed acts of racketeering within the meaning of 18 U.S.C. § 1961-1968 as follows:

a.     Acts of extortion, fraud, involving threats and coercing Plaintiffs to summit payments on false representation, since February 28, 2008 until around November 2012 by intentionally and willfully claiming that the Plaintiffs allege mortgage loan was transferred them.

b.     Violations of 18 U.S.C. § 1341 involving Mail Fraud, including but not limited to sending a welcome letter claiming that the Plaintiffs alleged mortgage loan was transferred to them, even referencing the Real Estate Settlement Procedures Act(RESPA) requiring the notification of this alleged transfer. Monthly statements, request letters for payments, and letters threatening to take foreclosure action for Plaintiffs failure to act on the payment requests.

c.     Violations of 18 U.S.C. § 1343 involving Wire Fraud including but not limited to accepting and processing online payments directly from Plaintiffs accounts, sent fax of mortgage loan documents for streamline refinance, Defendant also caused the telephone to ring repeatedly with the intent to coerce payments.

88.

The racketeering acts committed by Defendant Wells Fargo Bank N.A., constitute a pattern of racketeering activity within the meaning of 18 U.S.C. § 1961(5) in that they are related to one another and are continuous. These racketeering acts are continuous in that they have occurred over a period exceeding five years, will continue into the future, and pose a threat of continuing for years.

89.

These racketeering activities also pose a risk of continuation because Defendant Wells Fargo Bank N.A., is a RICO enterprise within the meaning of 18 U.S.C. § 1961(4), the activities of which affecting interstate or foreign commerce, and is continuous and has an ongoing structure and organization sufficient to permit its associates to commit a pattern of racketeering activity.

**COUNT TWO: VIOLATION OF THE RACKETEER INFLUENCE AND CORRUPT ORGANIZATIONS ACT – 18 U.S.C. § 1961-1968**

Plaintiffs incorporate by reference paragraph 1 through 89 as thought fully set forth herein.

90.

Defendant Wells Fargo Bank, N.A. is an enterprise within the meaning of 18 U.S.C. § 1961(4).

91.

Defendant Wells Fargo Bank, N.A., has conspired with others directly or indirectly, including IH2 Property Georgia, L.P., Invitation Homes, Sherry A Nikodem individually and as agent/manager for Invitation Homes, and attorney Frederick T. Smith, and Aldridge Connors, LLP for the commission of the violation of 18 U.S.C. § 1962(c) through the aforementioned pattern of racketeering.

92.

As a direct and proximate result of Defendants' violation of 18 U.S.C § 1962(d) Plaintiffs have suffered extreme emotional distress, humiliation, and injury to their business or property and reputation.

## COUNT THREE: VIOLAITION OF THE RACKETEER INFLUENCE AND CORRUPT ORGANIZATIONS ACT - 18 U.S.C. § 1961-1968

Plaintiffs incorporate by reference paragraph 1 through 92 as thought fully set forth herein.

93.

Defendant Invitation Homes is an enterprise within the meaning of 18 U.S.C. § 1961(4).

94.

Defendant Invitation Homes, committed acts of racketeering within the meaning of 18 U.S.C. § 1961-1968 as follows:

a.  Acts of fraud, extortion, involving threats of taking eviction action known as a dispossessory to obtain possession if Plaintiffs fail to vacate and immediately turn in the keys to their property.

b.  Acts of bribery, involving threats and coercion, offering Plaintiffs a cash payout in the amount of $2,300.00 for a quick move-out and return of Plaintiffs keys. Defendant also stated, a demand for possession letter is automatically sent within two weeks of purchase, and **this is done on every home, no matter what Plaintiffs decide to do.**

c.  Violations of 18 U.S.C. § 1341 involving Mail Fraud, including for sending the demand for possession letter via certified mail attempting self eviction on the Plaintiffs property and further this unlawful scheme.

95.

The racketeering acts committed by Defendant Invitation Homes, constitute a pattern of racketeering activity within the meaning of 18 U.S.C. § 1961(5) in that they are related to one another and are continuous. These racketeering acts are continues in that they have occurred for about two months, will continue into the future, and pose a threat of continuing for years.

96.

These racketeering activities also pose a risk of continuation because Defendant Invitations Homes admitted that this kind of conduct is done on every home no matter what a person(s) decides to do. Defendants Invitation Homes and IH2 Property Georgia, L.P., are RICO enterprises within the meaning of 18 U.S.C. § 1961(4), the activities of which affecting interstate or foreign commerce, and is continuous and has an ongoing structure and organization sufficient to permit its associates to commit a pattern of racketeering activity.

97.

Defendant Sherry A. Nikodem is a person within the meaning of 18 U.S.C. § 1961(3).

98.

Defendants Sherry A. Nikodem is employed or associated with Invitation Homes, and Invitation Homes is employed or associated with IH2 Property Georgia, L.P., and they have conducted or participated in the affairs of IH2 Property Georgia, L.P. through the aforementioned pattern of racketeering activity. Defendant IH2 Property Georgia, L.P., has conspired with Invitation Homes, and Sherry A. Nikodem individually and as agent for Invitation Homes for the commission of the violation of 18 U.S.C. § 1962(c) through the aforementioned pattern of racketeering.

99.

As a direct and proximate result of Defendants violation of 18 U.S.C. § 1962(d), Plaintiffs have suffered severe emotional distress, humiliation. Plaintiffs also suffered injury to their business or property and reputation.

## COUNT FOUR: FRAUD AND DECEIT - VIOLATION OF O.C.G.A. § 51-6-2 -

### INTENTIONAL MISREPRESENTATION

Plaintiffs incorporate by reference paragraph 1 through 99 as thought fully set forth herein.

100.

O.C.G.A § 51-6-1 provides that Fraud, accompanied by damages to the party defrauded, always gives a right of action to the injured party.

101.

Defendant Wells Fargo Bank, N.A., knowingly, willfully and intentionally made false representation of the allege mortgage loan on the Plaintiffs property being transferred to them on February 28, 2008 with the intent to deceive and induce Plaintiffs to act. Plaintiffs acted on Defendant's misrepresentation of facts, and begin making payments to Defendant since or around April 1, 2008 until around November 16 2012. As a result Wells Fargo successfully defrauded thousands

of dollars in payments, late fees, other charges, from around
April 1, 2008 until about November 16, 2012

102.

As a direct and proximate result Wells Fargo's outrageous
and reckless fraudulent conduct, Plaintiffs have suffered
damages, including extreme emotional distress and humiliation,
so severe that no reasonable person(s) could be expected to
endure it. Plaintiffs also suffered damages to their credit
report, credit score, and reputation.

## COUNT FIVE: FRAUD AND DECEIT - VIOLATION OF O.C.G.A. § 51-6-

### 2(a)(b). - NEGLIGENT MISREPRESENTATION

Plaintiffs incorporate by reference paragraph 1 through 102 as
thought fully set forth herein.

103.

Defendant Wells Fargo Bank, N.A., have knowingly,
intentionally and devise a scheme to defraud Plaintiffs out of
money and made false representation claiming to have lawful
rights to collect payments as the servicer/assignee on the
Plaintiffs allege mortgage loan on the subject property since
February 28, 2008. Wells Fargo successfully collected thousands
of dollars in payments, late fees, other charges, from around
April 1, 2008 until about November 16, 2012.

104.

As a direct and proximate result Wells Fargo's outrageous, reckless and negligent misrepresentation of facts, Plaintiffs suffered damages, including extreme emotional distress and humiliation, so severe that no reasonable person(s) could be expected to endure it.  Plaintiffs also suffered damages to their property, credit report, credit score, and reputation.

105.

Defendants Invitation Homes and IH2 Property Georgia, L.P., and Sherry A. Nikodem, individually and as agent for Invitation Homes, have knowingly, willfully and intentionally made fraudulent or reckless misrepresentation of facts as true, when they had no reasonable ground for believing it to be true, with the intent to deceive and coerce Plaintiffs to take a bribe turn over the keys and vacate their property.

106.

Defendants Invitation Homes and IH2 Property Georgia, L.P., and Sherry A. Nikodem, individually and as agent for Invitation Homes, continued their negligent misrepresentation of facts, by sending a certify letter and demanded immediate possession when they had no reasonable ground for believing it to be true, even after the Plaintiffs informed the Defendants of their title, with the intent to deceive and coerce plaintiffs to turn over the keys and vacate their property.

107.

As a direct and proximate result Defendants Invitation
Homes and IH2 Property Georgia, L.P., and Sherry A. Nikodem
fraudulent, reckless and negligent misrepresentation of facts,
Plaintiffs suffered damages, including severe emotional distress
and humiliation. Plaintiffs also auffered damages to their
property and reputation.

## COUNT SIX: FRAUD AND DECEIT - VIOLATION OF O.C.G.A. § 51-6-

### 2(a)(b). - FRAUDULENT CONCEALMENT.

Plaintiffs incorporate by reference paragraph 1 through 107 as
thought fully set forth herein.

108.

Defendant Wells Fargo Bank, N.A. have deliberately hide the
facts about not having lawful rights to collect payments as the
servicer/assignee on the Plaintiffs alleged mortgage loan, with
the intent to deceive and defraud Plaintiffs out of money. This
well devised fraudulent scheme, and concealment of facts lasted
over five years.

109.

As a direct and proximate result Wells Fargo's fraudulent
concealment of facts, Plaintiffs suffered damages, including
extreme emotional distress and humiliation, so severe that no
reasonable person(s) could be expected to endure it. Plaintiffs

also suffered damages to their property, credit report, credit score, and reputation.

**COUNT SEVEN: FRAUD AND DECEIT – VIOLATION OF O.C.G.A. § 51-6-2(a)(b). BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING.** Plaintiffs incorporate by reference paragraph 1 through 109 as thought fully set forth herein.

110.

Defendant Wells Fargo Bank, N.A., offered and sent loan documents and started the process for a streamline refinance on the Plaintiffs alleged mortgage loan, than used technical excuses for breaching the contract knowing that they could not process the transaction because they are not the secured creditor or servicer/assignee and have no lawful rights to modify the terms and condition of the Plaintiffs allege mortgage loan. With the intent to deceive and continue to conceal its well devised scheme to defraud Plaintiffs out of money.

111.

As a direct and proximate result Wells Fargo's reckless and outrageous conduct, Plaintiffs suffered damages, including extreme emotional distress and humiliation, so severe that no reasonable person(s) could be expected to endure it. Plaintiffs also suffered damages to their property, credit report, credit score, and reputation.

## COUNT EIGHT: FRAUD AND DECEIT - VIOLATION OF O.C.G.A. § 51-6-

### 2(a)(b) - PROMISORY ESTOPPEL

Plaintiffs incorporate by reference paragraph 1 through 111 as thought fully set forth herein.

112.

Defendant Wells Fargo intentionally, knowingly and willfully made false statements and sent a letter claiming that the Plaintiffs alleged mortgage loan was transferred to them, Plaintiffs relied on the statement in good faith to their disadvantage, and Wells Fargo fraudulently collected thousands of dollars in payments, fees and other charges. Wells Fargo also made a promise on or around January 2011 to perform a streamline refinance to reduce payments if Plaintiffs remain current for twelve months, a promise that Wells Fargo could not legally keep because the above-mentioned statements was falsely made with the intent to deceive.

113.

As a direct and proximate result Wells Fargo's reckless and outrageous conduct, Plaintiffs suffered damages, including extreme emotional distress and humiliation, so severe that no reasonable person(s) could be expected to endure it. Plaintiffa also suffered damages to their property or business, credit

report, credit score, and reputation. I believe there's no evidence to the contrary and none exist.

114.

Defendant's violation of O.C.G.A. § 51-6-2(a)(b) goes beyond decency in a civilize society, and have caused humiliation and emotional distress so severe that no reasonable person(s) could be expected to endure it. I believe there's no evidence to the contrary and none exist.

115.

Defendant has engaged in unlawful violation of O.C.G.A. § 51-6-2(a)(b), with malice and reckless intent to deceive and defraud the Plaintiffs out of money. I believe there's no evidence to the contrary and none exist.

## PRAYER FOR RELIEF

**Wherefore**, For the above reasons, Plaintiffs request the Defendants be made to appear before the Courts and be held liable as claimed herein and that judgment be entered in the Plaintiffs favor against the Defendants as follows:

1. That the Court order the Defendants to cease their unlawful activities immediately;

2. Treble damages be awarded, as permitted under RICO Statute and based on the reckless and outrageous conduct of the Defendants.

3. That the Court order the removal of all fraudulent
   documents the Defendants recorded in the Newton County
   Superior Court of Records from January 2013 to present;

4. That the Court order the repair of and all damages to the
   Plaintiffs credit history and credit score caused by
   Defendants fraudulent and reckless conducts;

5. That the Court grant compensatory damages to the
   Plaintiffs for the Defendants intentional and reckless
   conducts in an amount to be determined by the conscience
   of the Jury and evidence presented;

6. That the Court grant Punitive damages to the Plaintiffs
   for Defendants intentional Fraud and Deceit, in an amount
   to the be determined by the conscience of the Jury and
   the evidence presented;

7. That the Court grant Plaintiffs treble damages for the
   intentional fraud and deceit, as permitted by law;

8. That the Court grant trial by a Jury on all issues so
   triable;

9. That the Court grant to the Plaintiffs reasonable
   expenses, cost, incurred in bringing this action; and,

10. All other relief as the Court deems just and proper.

Respectfully Submitted,

PIERRE R. CAZEAU, Pro Se
235 Lakeside Pointe
Covington, Georgia 30016
Telephone: (404) 543-6768

DARCY CAZEAU, Pro Se
235 Lakeside Pointe
Covington, Georgia 30016
Telephone: (404) 543-7396

This 22nd day of October, 2013.

## FONT CERTIFICATION

The undersigned Plaintiffs Pierre R. Cazeau and Darcy
Cazeau, hereby certifies that the within and foregoing was
prepared using Courier New 12-point font in accordance with
Local Rule 5.1

Pierre R. Cazeau, Pro Se
235 Lakeside Pointe
Covington, Georgia 30016
Telephone; (404)543-6768

DARCY CAZEAU, Pro Se
235 Lakeside Pointe
Covington, Georgia 30016
Telephone:(404) 543-7396