IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

PIERRE R. CAZEAU,            :
DARCY CAZEAU,             :
                             :
      Plaintiffs,          :
                             :
v.                         :
                             :
WELLS FARGO BANK, N.A.,  :    CIVIL ACTION NO.
INVITATION HOMES, IH2    :    1:13-CV-3469-AT
PROPERTY GEORGIA, L.P.,  :
SHERRY A. NIKODEM, Individually :
and as agent for INVITATION  :
HOMES,                   :
                             :
      Defendants.     :

## ORDER

Plaintiffs seek default judgment in this case involving, *inter alia*, civil Racketeer Influence and Corrupt Organizations Act ("RICO") claims relating to the issuance and servicing of a mortgage loan for Plaintiffs home residence. Plaintiffs have moved for default judgment [Doc. 6], and have also moved to strike the untimely Answer of Defendant Wells Fargo [Doc. 9].  In response, Wells Fargo seeks leave to file a late response to Plaintiffs' Motion for Default [Doc. 16] and has moved for judgment on the pleadings [Doc. 17].

## I.    Background

Plaintiffs are proceeding *pro se* in this case.  This is Plaintiffs' third lawsuit against Wells Fargo.[1]  Plaintiffs moved for default judgment against Wells Fargo

---

[1] *See Cazeau v. Wells Fargo Bank*, 1:13-CV-0260-AT-JFK (N.D. Ga., Jan. 24, 2013) (asserting claims for employment discrimination); *Cazeau et al v. Wells Fargo Bank, N.A.*, 1:13-CV-1267-AT (N.D. Ga., Apr. 17, 2013) (asserting claims under the Fair Debt Collection Practices Act).

because the bank failed to timely file its Answer in accordance with Fed. R. Civ. P. 12(a)(1)(A)(i).  However, Plaintiffs' motion "is premature because [they have] has failed to obtain the entry of default, a prerequisite to a default judgment."  *Sun v. United States*, 342 F. Supp. 2d 1120, 1124 n.2 (N.D. Ga. 2004), *aff'd*, 151 F. App'x 860 (11th Cir. 2005).  While Plaintiffs styled their filing as an "Affidavit for Default Judgment," Wells Fargo is not yet in default, making the entry of default judgment improper.  *See* Fed. R. Civ. P. 55(a).  Liberally construed, Plaintiffs' motion thus seeks an entry of default instead of default judgment.

Plaintiffs' motions for entry of default and to strike rely entirely on the untimeliness of Wells Fargo's Answer.  (Docs. 6, 9.)  Each of these motions expressly request default judgment.  (*Id.*)  In this Circuit, "there is a strong policy of determining cases on their merits," and therefore defaults are viewed with disfavor.  *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003).  "Courts have considered several factors in determining whether the defaulting party has shown good cause, including whether the party has a meritorious defense, how promptly the party acted to cure the default, whether the default was willful, and whether the non-defaulting party would be prejudiced."  *Ochoa v. Principal Mut. Ins. Co.*, 144 F.R.D. 418, 420 (N.D. Ga. 1992).  Likewise, motions to strike are similarly disfavored, and are "granted only if the allegations have no possible relation to the controversy and may cause prejudice to the opposing party."  *Performance Sys. Grp., Inc. v. Kroy IP Holdings, LLC*, 1:11-CV-02161-RWS, 2012 WL 3637688 (N.D. Ga. Aug. 21, 2012).

Wells Fargo's motion [Doc. 16] for leave to file a late response to Plaintiffs' motion for default is **GRANTED**.  The Court considers Wells Fargo's attached response brief to best understand the delay in this case and evaluate whether the Plaintiffs suffered any prejudice as a result of this delay. Wells Fargo acknowledges its delay in responding to this suit and asserts that any delay was inadvertent because "its employees were confused about who was supposed to respond to which of Plaintiffs' multiple lawsuits." (Resp. Opp. Default, Doc. 16-2 at 1-2.)  The Complaint was initially served on Wells Fargo on October 24, 2013. (Return of Serv., Doc. 5.)  Evidently, the Complaint in this case first made its way to Wells Fargo's outside counsel handling Mr. Cazeau's separate prior employment discrimination lawsuit against Wells Fargo.  (Doc. 16-2 at 7.) Outside counsel attempted to forward this Complaint to its contact within Wells Fargo.  (*Id.* at 8.)  This notice was ultimately unsuccessful, and counsel at Wells Fargo did not recognize that the Complaint represented a separate suit from Plaintiffs' other cases against Wells Fargo.  (*Id.* at 9.)  Wells Fargo has submitted affidavits from the relevant parties that detail this miscommunication.  (*See* Ex's. E, F, G, Docs. 16-7, 16-8, 16-9.)  Wells Fargo filed its answer on January 10, 2014, and notes that its responsive pleading was filed before default was entered.

Plaintiffs assert that Wells Fargo's delay was intentional and willful. Plaintiffs contend that Wells Fargo "fraudulently transferred" the subject property to Defendant IH2 Property Georgia, L.P., and delayed responding to this lawsuit with the expectation that Plaintiffs would soon be evicted.  (Pl's. Resp.

Opp. Late Filing, Doc. 18 at 13.)  However, Plaintiffs represent that they are still in possession of their property, albeit making monthly payments of $1,000 to the registry of the Newton County State Court while a lower court dispossessory action related to the mortgage loan at issue is on appeal.  (*Id.* at 13-14.)

Given that they remain in possession of the subject property, Plaintiffs fail to articulate how exactly they have been prejudiced by any delay in this case.  And while Wells Fargo's delay is a cause for concern, the Court does not detect anything to suggest Wells Fargo was acting intentionally or deliberately in its failure to timely respond to this litigation.  Accordingly, Plaintiffs motions for default [Doc. 6] and to strike [Doc. 9] are **DENIED**.  The Court now proceeds to address the merits of this case in Wells Fargo's motion for judgment on the pleadings [Doc. 17].

## II.  Plaintiffs' Claims

Plaintiffs assert claims for civil RICO violations, fraud, breach of covenant of good faith and fair dealing, promissory estoppel.  (Am. Compl., Doc. 2 ¶¶ 87-115.)  Plaintiffs allege that starting on February 28, 2008, Wells Fargo has fraudulently held itself out as the servicer or assignee for the mortgage on their residence, located at 235 Lakeside Pointe, Covington, Georgia 30015.  (*Id.* ¶¶ 5, 13-24.)  As a result, Wells Fargo improperly collected payments from Plaintiffs since approximately April 2008 until November 2012.  (*Id.*)  Plaintiffs allege that any assignment of their mortgage loan to Wells Fargo is "not authentic and is invalid," and further submit an affidavit asserting that the assignment of a

Security Deed for the subject property to Wells Fargo entails a forgery.  (Id. ¶ 44; Cazeau Aff., Doc. 19.)

Wells Fargo moved for judgment on the pleadings, arguing that each of Plaintiffs' claims fail as a matter of law.  (Doc. 17.)  In ruling on a motion for judgment on the pleadings, the Court must accept factual allegations as true and construe them in the light most favorable to the plaintiff.  *See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 994-95 (11th Cir. 1983).  "Judgment on the pleadings is appropriate when there are no material facts in dispute and the moving party is entitled to judgment as a matter of law."  *Douglas Asphalt Co. v. Qore, Inc.*, 541 F.3d 1269, 1273 (11th Cir. 2008) (citation omitted).  "A motion for judgment on the pleadings is subject to the same standard as a Rule 12(b)(6) motion to dismiss."  *Long v. Fulton Cnty. Sch. Dist.*, 807 F. Supp. 2d 1274, 1282 (N.D. Ga. 2011) (citation omitted).

This Court may dismiss a pleading for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A pleading fails to state a claim if it does not contain allegations that support recovery under any recognizable legal theory.  5 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1216 (3d ed. 2002); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).  In considering a Rule 12(b)(6) motion, the Court construes the pleading in the non-movant's favor and accepts the allegations of facts therein as true.  *See Duke v. Cleland*, 5 F.3d 1399, 1402 (11th Cir. 1993).  The pleader need not have

5

provided "detailed factual allegations" to survive dismissal, but the "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In essence, the pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Each of Plaintiffs' claims are based on the premise that Wells Fargo did not have the authority to collect payments for a mortgage loan on the subject property.  Plaintiffs argue that they acquired the subject property from Murat Pierre-Louis, the father of Darcy Cazeau, on or around January 25, 2008.  (Resp. Opp., Doc. 20 at 4-5.)  Plaintiffs submit a Warranty Deed that evidences this transfer.[2]  (Ex. F, Doc. 20-2 at 32.)  Also on or around January 25, 2008, Plaintiffs executed a Security Deed granting Mortgage Electronic Registration Systems, Inc. ("MERS") a security interest in the subject property.  (Ex. H, Doc. 20-3 at 1.)  This Security Deed contemplates that Plaintiffs obtained a loan from Opteum Mortgage, a division of Metrocities Mortgage, LLC, in the amount of $142,303.  (*Id.*)

---

[2] Neither party attached exhibits to their respective pleadings.  Instead, each party urges the Court to take judicial notice of real estate records attached to their briefings on the motion for judgment on the pleadings.  Facts that are "not subject to reasonable dispute" may be judicially noticed.  Fed. R. Evid. 201(b).  Such facts include those that "(1) [are] generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  *Id.*; *see also Mullinax v. United Marketing Group, LLC*, No. 1:10–CV–03585–JEC, 2011 WL 4085933, at *6 (N.D. Ga. Sept. 13, 2011).  "Public records are among the permissible facts that a district court may consider."  *Universal Express, Inc. v. U.S. S.E.C.*, 177 F. App'x 52, 53 (11th Cir. 2006).

Plaintiffs allege that Wells Fargo's scheme originated with its February 28, 2008 letter to Plaintiffs asserting that the mortgage loan for the subject property had been transferred to Wells Fargo.  (Doc. 2 ¶¶ 15-16; Ex. I, Doc. 20-3 at 13.) This notice informed Plaintiffs that their loan had recently been transferred from Metrocities Mortgage, LLC, and that Wells Fargo was assuming the servicing of the loan effective April 1, 2008.  (*Id.*)  Plaintiffs allege that the assignment of their mortgage loan to Wells Fargo never occurred, and that Wells Fargo fraudulently collected monthly mortgage payments for the period from approximately April 2008 until November 2012.   After Plaintiffs' efforts to refinance the loan ultimately failed, Wells Fargo sent a notice of default to Plaintiffs on or about January 29, 2013.   (Doc. 2 ¶ 41.)   Plaintiffs further allege that Wells Fargo fraudulently recorded an assignment of the relevant mortgage loan to itself on January 31, 2013.  (*Id.* ¶¶ 43-44; Ex. M, Doc. 20-6 at 12.)

A review of the alleged fraudulent assignment shows that Plaintiffs mistake the Security Deed for the mortgage loan.  The assignment described by Plaintiffs documents the January 31, 2013 transfer of the Security Deed from MERS to Wells Fargo.   Following this contested assignment, Wells Fargo informed Plaintiffs that it was initiating foreclosure proceedings on March 15, 2013; Plaintiffs allege this was in furtherance of Wells Fargo's scheme to "deceive and coerce payments."  (Doc. 2 ¶ 48-49.)  The foreclosure sale occurred on August 6, 2013, and Defendant IH2 Property Georgia, LP purchased the subject property for the sum of $95,500.  (Ex. Q, Doc. 20-6 at 43.)

As an initial matter, Plaintiffs do not have standing to challenge the January 31, 2013 assignment of the Security Deed from MERS to Wells Fargo. Under Georgia law, because Plaintiffs were not parties to the assignment of the Security Deed, they lack standing to affirmatively challenge it. *Montgomery v. Bank of America*, 740 S.E.2d 434, 438 (Ga. Ct. App. 2013); *accord Edward v. BAC Home Loans Servicing, L.P.*, 534 F. App'x 888 (11th Cir. 2013). Thus, the Court will not consider Plaintiffs' challenge to the validity of the assignment of the Security Deed to Wells Fargo.

What then remains are Plaintiffs' allegations that Wells Fargo improperly collected mortgage payments for years. Plaintiffs have failed to allege facts which suggest this is the case. Plaintiffs received written notice on February 28, 2008 that Wells Fargo had acquired the subject mortgage loan. After receiving this notice, Plaintiffs proceeded to make payments to Wells Fargo during the period between April 2008 and November 2012. Plaintiffs argue that they thought they were making payments on Mr. Pierre-Louis' original loan on the property and only became aware in November 2012 that this loan had been paid off. (Doc. 20-1 at 5.) Plaintiffs contend they ceased payment to Wells Fargo upon learning in late November that Mr. Pierre-Louis' original loan had been paid and that the underlying security deed between Mr. Pierre-Louis and MERS had been cancelled. (*Id.*; Ex. E, Doc. 20-2 at 31.)

Plaintiffs confuse or mistake the security deeds in this case. The submitted records do indicate that Mr. Pierre-Louis' security deed with MERS was cancelled

on February 13, 2008.   However, as discussed above, Plaintiffs themselves executed their own Security Deed with MERS on January 25, 2008 for their loan from Opteum Mortgage.  (Doc. 20-3 at 1.)  Plaintiffs argue that they "believed that the security Deed was part of the transfer process to remove Mr. Pierre-Louis' name and continue payment on Mr. Pierre-Louis' original loan since Plaintiffs were equal owners as Joint Tenants with the Right of Survivorship since 2005."  (Doc. 20-1 at 5.)  Regardless of what Plaintiffs thought, the real estate records here indicate that Plaintiffs executed their own Security Deed to secure repayment of the $142,303 they borrowed from Opteum Mortgage.  In contrast, Mr. Pierre-Louis' security deed was satisfied and cancelled on or around February 13, 2008, separately from Plaintiffs.

While Plaintiffs claim that Wells Fargo was not authorized to collect mortgage payments, the allegations here do not plausibly support their position. According to Plaintiffs, Wells Fargo sent written notice on February 28, 2008 that it had acquired Plaintiffs' mortgage from Opteum and was now the servicer of the loan.  From that point, Wells Fargo collected payments, provided monthly statements, requested that Plaintiffs cure default of the loan, and noticed foreclosure, among other actions.  (Doc. 2 ¶ 87.)  Simply put, these are the actions of a loan servicer.  Plaintiffs rely exclusively on conclusory allegations to the contrary.  The only factual allegation Plaintiffs provide in support is their challenge to validity of the January 31, 2013 assignment of the Security Deed from MERS to Wells Fargo.  As discussed above, the Court cannot consider this

argument.

Ultimately, the real estate records that Plaintiffs submit to the Court contradict the allegations in the Complaint.  As such, Plaintiffs have failed to plausibly allege that Wells Fargo was not the servicer of Plaintiffs' loan and improperly collected payments.  *See Sterling v. Provident Life & Accident Ins. Co.*, 519 F. Supp. 2d 1195, 1209 (M.D. Fla. 2006) ("While courts must liberally construe and accept as true allegations of fact in the complaint and inferences reasonably deductive there from, they need not accept factual claims that are internally inconsistent; facts which run counter to facts of which the court can take judicial notice; conclusory allegations; unwarranted deductions; or mere legal conclusions asserted by a party.").  In making this assessment of plausibility on a case specific basis, the Court also uses its own judicial experience and common sense.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.").  As each of Plaintiffs' claims in this case depends on these allegations, each fails as a matter of law.

## III.   Conclusion

Accordingly, Plaintiffs motions for default [Doc. 6] and to strike [Doc. 9] are **DENIED**.  Defendant Wells Fargo's Motion for Judgment on the Pleadings [Doc. 17] is **GRANTED**.   Plaintiffs' Amended Complaint [Doc. 2] is

**DISMISSED WITHOUT PREJUDICE**.[3]   The Clerk is **DIRECTED** to close the case.

IT IS SO ORDERED this 14th day of May, 2014.

_____
**Amy Totenberg**
**United States District Judge**

---

[3] Plaintiffs' motion to perfect service [Doc. 10] is **DENIED AS MOOT**.